GENERAL ELECTRIC CO., RESPONDENT, *v.* STEWART, SECRETARY OF STATE, APPELLANT.

(No. 4,765.)

(Submitted June 7, 1921.   Decided June 27, 1921.)

[199 Pac. 911.]

*Foreign Corporations—Capital Stock—Certificate of Increase —Filing Fee—Statutes—Unconstitutionality—Federal Constitution—Due Process of Law Clause.*

1. Section 165, Revised Codes, imposing upon the secretary of state the duty to collect a fee for filing a certificate of increase of the capital stock of a foreign corporation doing an intrastate business, only a small portion of which stock is represented by property owned and business transacted within the state, which fee is computed upon its entire capital stock as increased, *held* invalid as violative of the due process of law clause of the federal Constitution.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

Action by the General Electric Company against Charles T. Stewart, as Secretary of State of the State of Montana. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for Appellant, submitted a brief; *Mr. Foot* argued the cause orally.

*Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The General Electric Company is a New York corporation which complied with the laws prescribing the terms upon which a foreign corporation may engage in business in this state. In 1918 it increased its capital stock from $105,000,000 to $125,000,000, and later again increased it to $175,000,000. It tendered to the secretary of state of this state a duly authenticated copy of each of the certificates of increase, together with a filing fee of $8. The secretary of state declined to file the certificates unless a fee of $7,376, computed according to the provisions of section 165, Revised Codes, was paid. The fee was paid under protest, and this action was brought to recover the difference between the amount tendered and the amount demanded. The trial court rendered judgment for plaintiff, and defendant appealed.

The argument of the attorney general is devoted to an [1] attempt to demonstrate that the entire business of the plaintiff corporation in this state is intrastate in character, and therefore that it is subject to the exactions made by section 165, above. For all purposes of this appeal it may be conceded that plaintiff's business in this state is entirely local

[60 Mont. 387.]

in character, but this concession relieves us only from consid-ering the statute above as an attempt on the part of the legislature to authorize the regulation of interstate commerce. The fee required by the statute is computed upon the entire capital stock of the foreign corporation which seeks to do business in this state, whereas it is admitted by defendant that less than one per cent of plaintiff's paid-up capital stock is represented by property owned and business transacted by it in this state. The supreme court of the United States has held repeatedly: (1) That a state statute which imposes upon a foreign corporation seeking to do business in the state an excise tax or license fee computed upon the entire capital stock, when only a part is represented by property owned and business conducted in the state, is essentially, and for every practical purpose, a tax on the entire property of the corporation, because its capital stock represents all of its property wherever located; (2) that a state cannot tax property outside of its territorial limits; and (3) that a statute which attempts to authorize the imposition of such a tax or fee, computed upon the entire capital stock, where only a portion of it is represented by property owned and business transacted in the state levying the tax, is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States, and therefore void. (*International Paper Co.* v. *Massachusetts,* 246 U. S. 135, Ann. Cas. 1918C, 617, 62 L. Ed. 624, 38 Sup. Ct. Rep. 292, and cases cited.)

If we eliminate from our consideration the contention that section 165 attempts to authorize the regulation of interstate commerce, this controversy then is not distinguishable from the one involved in *J. I. Case Threshing Machine Co.* v. *Stewart, ante,* p. 380, 199 Pac. 909. Upon the authority of that case the judgment herein is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.